E-FILED
Monday, 12 September, 2011  02:51:44 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| D. ROGER GIFFIN<br><br>      Plaintiff,<br><br>  v.<br><br>MASTERFOODS USA,<br>MARS PET CARE US, INC. and<br>MARS, INC.<br><br>      Defendants. | No.:<br><br><br><br><br><br><br><br>JURY DEMANDED |

## COMPLAINT

Plaintiff, D. ROGER GIFFIN, by Carl R. Draper of Feldman, Wasser, Draper & Cox for his Complaint against Defendants, MASTERFOODS USA, MARS PET CARE US, INC. and MARS, INC. states as follows:

## PARTIES

1. Plaintiff, is a resident of Coles County, Illinois and, was employed by defendants: MASTERFOODS USA, MARS PET CARE US, INC. and MARS, INC. between 1979 through 2006.

2. Defendant, MASTERFOODS USA, is a corporation, with its office and place of business in Coles County, Illinois. It is a division of defendant MARS, INC.

3. Defendants MARS PET CARE US, INC. and MARS, INC. are parent companies that own or control defendant MASTERFOODS USA.

4. Each defendant is a "person" within the meaning of § 101(7) of the ADA, 42 U.S.C § 1211(7), and § 701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

*FELDMAN, WASSER*
*DRAPER & COX*
1307 S. Seventh St.
Springfield, IL 62703
217-544-3403

5. Each defendant is engaged in an "industry affecting commerce" within the meaning of § 101(7) of the ADA, 42 U.S.C. § 12111(7), and § 701 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

6. Each Defendant, including MASTERFOODS, USA employs 15 or more employees and is an "employer" within the meaning of § 101(5)(A) of the ADA, 42 U.S.C. § 1211(5)(A).

7. At all times relevant hereto, Plaintiff is an individual with a "disability" as that term is defined in § 3(2) of the ADA, 42 U.S.C. § 1.2102. More specifically, because of his multiple sclerosis , Plaintiff has :

    a. A physical impairment, i.e., that substantially limits one or more of his major life activities;

    b. A record of such an impairment; and

    c. Is regarded by defendant as having such an impairment.

8. Plaintiff is a qualified individual with a disability within the meaning of § 101(8) of the ADA, 42 U.S.C. § 12111(8), in that Plaintiff is an individual with a disability, who, with or without reasonable accommodation, can perform the essential functions of the I/O Coordinator position with defendant MASTERFOODS USA .

## JURISDICTION

9. This court has original jurisdiction of this civil action in that the claims of this Complaint arise under the Constitution and laws of the United States. 28 U.S.C.§ 1331 and 1343.

*FELDMAN, WASSER DRAPER & COX*
1307 S. Seventh St.
Springfield, IL 62703
217-544-3403

10. This suit is brought and jurisdiction lies pursuant to Section 107(a) of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. § 12117, which incorporates by reference § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5.

11. All conditions precedent to jurisdiction under § 706 of Title VII, 42 -U.S.C. § 2000e-5(t)(3), have occurred or been complied with.

    a. A charge of employment discrimination on the basis of disability was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the unlawful employment practice alleged herein;

    b. A Notification of Right to Sue was received from the EEOC on or about July 7, 2011. A true and correct copy is attached as Exhibit A; and

    c. This Complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

## VENUE

12. Venue is proper in this court in that the Central District of Illinois is the judicial district where all Defendants conduct official business and in which all of the employment transactions at issue are maintained. 28 UCS § 1391(b).

## STATEMENT OF COMMON FACTS

13. On. March 12, 1979, Plaintiff was hired by defendant MASTERFOODS, USA and remained so employed continuously until January 9, 2007.

14. While employed by defendant MASTERFOODS, USA , Plaintiff's last position was Logistics Technician.

15. Plaintiff fully, adequately and completely performed all of his job duties as was reflected in his performance reviews.

16. Since approximately 1991, plaintiff has been diagnosed with multiple sclerosis, a degenerative condition that caused plaintiff's health to deteriorate. This condition was known to Defendant MASTERFOODS, USA.

17. At some time in 2005, Plaintiff fell while at work in the office area and later near the front doors of the building. The doors did not have automatic opening systems for use by persons with mobility disabilities like plaintiff.

18. Later MASTERFOODS USA, purchased of a scooter chair for Plaintiff.

19. Although not specifically requested, beginning in late 2006, defendant MASTERFOODS USA, installed automatic door openers in the building.

20. Defendant MASTERFOODS USA did not offer any alternative accommodation to allow Plaintiff perform his work.

21. In 2006, Defendants announced that there would be some reorganization of positions.

*FELDMAN, WASSER DRAPER & COX*
1307 S. Seventh St.
Springfield, IL 62703
217-544-3403

22. Plaintiff's position after that announcement was listed as "Inbound/Outbound Coordinator." The duties and responsibilities for that listed position were the same or substantially the same as Plaintiff's position as Logistics Technician.

23. Plaintiff expressed his interest in the "Inbound/Outbound Coordinator" position and was offered that position for his continued employment.

24. After offering the position to Plaintiff, Defendant MASTERFOODS, USA managers advised plaintiff that new job requirements were being added to the position. These new duties or job included physical labor performance requirements that Defendants knew Plaintiff could not perform.

25. The new physical requirements added to the job that Plaintiff had been performing were not reasonably related to the actual job duties.

26. After determining that Plaintiff could not perform the new physical duties added to the job description, Defendants terminated Plaintiff's employment stating that the reason for termination was the inability of Plaintiff to perform the new physical requirements added to the position description.

27. After Plaintiff's employment was terminated, Defendants appointed other employees to the Inbound/Outbound Coordinator position. The other employees do not have any disability.

28. The position of Inbound/Outbound Coordinator did not, in fact, have any need to perform the newly added physical requirements that were added to the position description and performs the same desk duties that Plaintiff had successfully performed for the preceding five years.

*FELDMAN, WASSER DRAPER & COX*
1307 S. Seventh St.
Springfield, IL 62703
217-544-3403

29. Defendants' failure to make reasonable accommodation to Plaintiffs physical disability constitutes discrimination against Plaintiff with respect to the terms, conditions, or privileges of employment.

30. The actions of defendants constitute a violation of § l02(b)(5)(A) of the ADA, 42 U.S.C. § 12112(b)(5)(A).. .

31. Defendant MASTERFOODS USA has failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make a reasonable accommodation with Plaintiff.

32. In failing to make reasonable accommodation to Plaintiffs physical disability, defendants acted with malice or with reckless indifference to the federally protected rights of Plaintiff

33. Plaintiff was denied a position with defendant MASTERFOODS USA solely because of his multiple sclerosis.

34. Despite repeated efforts, Plaintiff has not been able to obtain other comparable and suitable employment.

35. Plaintiffs disability will not prevent him from performing the essential functions of the job as an I/O Coordinator with defendant MASTERFOODS USA.

36. Defendants' termination of employment of Plaintiff is a violation of § 102 of the ADA, 42 U.S.C. § 12112 in that Plaintiff was fired because of his disability, *i.e,* multiple sclerosis, which is unrelated to Plaintiffs ability to perform the essential functions of the position. for which he applied.

*FELDMAN, WASSER DRAPER & COX*
1307 S. Seventh St.
Springfield, IL 62703
217-544-3403

37. As a direct consequence of defendant's denial of employment to Plaintiff, defendants discriminated against Plaintiff with respect to the terms, conditions, or privileges of employment because of Plaintiff's disability.

38. Defendants' discriminatory conduct as to Plaintiff was taken with malice and with reckless indifference to the federally protected rights of Plaintiff.

39. As a direct and proximate result of defendants' discrimination, Plaintiff has been deprived of economic benefits, including but not limited to, loss of fringe benefits and accrual of increased pension credits.

40. Defendants' denial of employment to Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for future pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## PRAYER FOR RELIEF

Plaintiff respectfully prays the Court to grant the following relief:

A. That Plaintiff be granted injunctive relief requiring defendants to employ Plaintiff in the Inbound/Outbound Coordinator position to which he applied.

B. Order that defendants reasonably accommodate Plaintiff by placing him in an office environment with duties consistent with the position he fulfilled without unrelated physical requirements ;

C. Enjoin defendants from any further prohibited discrimination against Plaintiff.

D. Order that Plaintiff be awarded the back pay he would have earned, together with related monetary benefits and interest thereon.

*FELDMAN, WASSER DRAPER & COX*
1307 S. Seventh St.
Springfield, IL 62703
217-544-3403

E.  Award Plaintiff compensatory damages in an amount to be determined at trial of this matter.

F.  Award Plaintiff punitive damages in an amount to be determined at trial of this matter.

G.  Award Plaintiff his reasonable attorney fees, including legal expenses, and costs pursuant to § 505 of the ADA, 42 U.S.C. § 12205.

H.  Grant such other and further relief as may be just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY**.

D. ROGER GIFFIN, Plaintiff

By: /s Carl R. Draper
Illinois Bar Number 03128847
Attorney for Plaintiff
Feldman, Wasser, Draper & Cox
1307 S. Seventh Street, P.O. Box 2418
Springfield, IL 62705
Telephone: (217) 544-3403
Fax: (217) 544-1593
e-mail: cdraper@feldman-wasser.com